| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |
| SCOTT JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>KING VALLEY II, L.P., et al.,<br><br>         Defendants.<br>_____<br><br>SCOTT JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>SCARBROUGH MANAGEMENT CORPORATION, et al.,<br><br>         Defendant. | No. 2:14-cv-01530-KJM-EFB<br><br><br><br><br><br><br><br><br>No. 2:14-cv-01917-TLN-DAD<br><br><br>**RELATED CASE ORDER** |

Examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a). Here, "both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort." Local Rule 123(a)(3). In both cases Scott Johnson is the

1

1  plaintiff.  *Compare* Compl. (Compl A) 1, No. 2:14-cv-1530-KJM-EFB, ECF No. 1 *with* Compl.
2  (Compl B) 1, No. 2:14-cv-1917-TLN-DAD, ECF No. 1.  In both cases Scarborough Management
3  Corporation and Central Valley Group II, Inc. are defendants.  *Compare* Compl. A at 1 *with*
4  Compl. B at 1.  In both cases the defendants own and operate a Burger King Restaurant in
5  Stockton, California.  *Compare* Compl. A at 2 *with* Compl. B at 2.  In both cases the plaintiff
6  alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*,
7  violations of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, violations of the California
8  Disabled Persons Act, Cal. Civ. Code §§ 54-54.8, and negligence.  *Compare* Compl. A at 4-7
9  *with* Compl. B at 4-7.  In both cases the plaintiff seeks injunctive relief, damages, and reasonable
10 fees, costs, and expenses.  *Compare* Compl. A at 8 *with* Compl. B at 8.  Accordingly, the
11 assignment of these matters to the same judge is likely to effect a substantial savings of judicial
12 effort and is likely to be convenient for the parties.

13          The parties should be aware that relating cases under Rule 123 causes the actions
14 to be assigned to the same judge – it does not consolidate the actions.  Under Rule 123, related
15 cases are generally assigned to the judge and magistrate judge to whom the first filed action was
16 assigned.

17          As a result, it is hereby ORDERED that No. 2:14-cv-01917-TLN-DAD is
18 reassigned from the Hon. Troy L. Nunley to the undersigned and from Magistrate Judge Dale A.
19 Drozd to Magistrate Judge Edmund F. Brennan.  Henceforth, the caption on documents filed in
20 the reassigned case shall be shown as: CIV 2:14-cv-01917-KJM-EFB.

21          It is further ORDERED that the Clerk of the Court make appropriate adjustment in
22 the assignment of civil cases to compensate for this reassignment.

23          IT IS SO ORDERED.
24 DATED:  October 14, 2014.

_____
UNITED STATES DISTRICT JUDGE